UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/2016
```

GEORGE POTZNER, individually and on behalf of all others similarly situated,

                    Plaintiff,

-against-

TOMMIE COPPER INC.,

                    Defendant.

WILLIAM LUCERO, RHONDA BOGGS, JEROME JEFFY, and SANDY KONTURA, on behalf of themselves and all others similarly situated,

                    Plaintiffs,

-against-

TOMMIE COPPER INC., TOMMIE COPPER HOLDINGS, INC., THOMAS KALLISH and MONTEL WILLIAMS,

                    Defendants.

15 Civ. 3183 (AT)

15 Civ. 6055 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff George Potzner moves to consolidate the above entitled actions and appoint Cuneo Gilbert & LaDuca and Lockridge Grindal Nauen P.L.L.P. (together, "Cuneo and Lockridge") as interim lead counsel for the consolidated action. ECF No. 47.[1] Plaintiffs William Lucero, Rhonda Boggs, Jerome Jeffy, and Sandy Kontura also move to consolidate, but seek the appointment of Faruqi & Faruqi, LLP and the Law Offices of Ronald A. Marron, APLC (together, "Faruqi and Marron") as interim lead counsel. ECF No. 50.

      Federal Rule of Civil Procedure 42(a) allows for consolidation of actions if they involve "common questions of law or fact." Both actions concern allegations that Defendants made false or misleading representations in advertising and marketing their "copper-infused" athletic apparel. Accordingly, the Court finds that the actions involve common questions of law and fact, and the parties' motions to consolidate are GRANTED.

      Rule 23(g)(3) provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). When appointing class counsel, a court must consider the following factors:

---

[1] All citations to the electronic docket refer to *Potzner v. Tommie Copper, Inc.*, 15 Civ. 3183.

    (i) the work counsel has done in identifying or investigating potential claims in the action;

    (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii) counsel's knowledge of the applicable law; and

    (iv) the resources that counsel will commit to representing the class;

Fed. R. Civ. P. 23(g)(1)(A). As reflected in the detailed 86-page complaint filed in the *Lucero* action, Faruqi and Marron have done more work than Cuneo and Lockridge to investigate and identify potential claims in this action. In addition to being more specifically pleaded, the *Lucero* complaint asserts a more comprehensive set of theories of liability than the *Potzner* complaint and is more factually developed. Faruqi and Marron also have substantial experience litigating complex consumer class actions, are familiar with the applicable law, and have the resources necessary to represent the class. Accordingly, the motion to appoint Faruqi and Marron as interim class counsel is GRANTED, and the motion to appoint Cuneo and Lockridge is DENIED.

    SO ORDERED.

Dated: January 4, 2016
       New York, New York

                                                    ANALISA TORRES
                                        United States District Judge