UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE TOMMIE COPPER PRODUCTS CONSUMER
LITIGATION

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/2017
```

15 Civ. 3183 (AT)
15 Civ. 6055 (AT)

**ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT**

ANALISA TORRES, United States District Judge:

This action arises out of allegations that Defendants, Tommie Copper Inc. ("Tommie

Copper"), Tommie Copper Holding, Inc., Thomas Kallish, and Montel Williams, made false and

misleading statements about the pain-relieving benefits of their copper-infused line of athletic

wear (the "Tommie Copper Products") in sale and marketing materials.  Before the Court is

Plaintiffs' William Lucero, Rhonda Boggs, Jerome Jeffy, and Sandy Kontura motion for

preliminary approval of class action settlement, conditional certification of the settlement class,

designation of Plaintiffs as class representatives, appointment of the Law Offices of Ronald

Marron, APLC, Faruqi & Faruqi, LLP, and Vozzolo LLC as Class Counsel, and approval of the

proposed notice of settlement and class action settlement procedure.  Defendants do not oppose

the motion.  For the reasons set forth below, the motion is GRANTED.

**DISCUSSION**

I.    Terms of the Proposed Settlement Agreement

The proposed settlement agreement memorialized in the Stipulation and

Settlement Agreement of Class Action Claims ("Settlement Agreement"), ECF No. 114-

1, makes relief available to the following class (the "Settlement Class"):

> All persons in the United States, its territories, or at any United States military
> facility or exchange who purchased Tommie Copper Products directly from
> Defendants through the internet, telephone or at the Tommie Copper retail
> location in Westchester, New York on or after April 11, 2011 and ending on the

date a motion for preliminary approval of the Settlement Agreement is entered. Excluded from the Class are: (a) Tommie Copper employees, officers and directors, (b) persons or entities who purchased the Settlement Class Products for the purpose of re-sale, (c) retailers or re-sellers of the Settlement Class Products, (d) governmental entities, (e) persons who timely and properly exclude themselves from the Class as provided herein, (f) any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning any of the Settlement Class Products, and (g) the Court, the Court's immediate family, and Court staff.

Settlement Agreement § 2.1(MM).

The Settlement Agreement provides for the creation of a Settlement Fund into which Defendant Tommie Copper, on behalf of all Defendants, must pay $700,000 no later than ten days after the entry of this order. *Id.* § 6.2(2)(a). In addition to providing monetary awards to members of the Settlement Class, the Settlement Fund covers taxes and expenses, costs associated with the administration of the settlement, Class Counsels' fees and costs, and any incentive award to class representatives. *Id.* § 6.2(2)(B).

The Settlement Agreement creates two categories of recovery for members of the Settlement Class. Class members whose purchase appears in Defendants' computerized records or who provide written proof of their purchase in the form of a receipt or a retail rewards submission may recover $10.00 for each Tommie Copper Product they purchased. *Id.* § 6.2(A)(1)(a). Class members who lack documentation of their purchase and whose purchase is not in Defendants' computerized records, but who substantiate their claim by submitting an affidavit attesting to their purchase may recover a maximum of $5.00. *Id.* § 6.2(A)(1)(b). In either case, class members must submit the Claim Form attached as Exhibit A to the Settlement Agreement. *Id.* § 6.2(D).

Alternatively, class members may apply their award to a purchase on Tommie Copper's website and receive a 40% enhancement in the value of their recovery. *Id.* § 6.2(B). For

example, a class member who presents written proof of their purchase of two Products would

receive a $28.00 credit on Tommie Copper's website ($20.00 + ($20.00 x 40%)).  *Id.*  In addition

to the monetary relief, the Settlement Agreement prohibits Defendants from making false or

misleading statements concerning the pain-relieving benefits of Tommie Copper Products in the

future.  *Id.* § 6.2(B)(1).

II.    Preliminary Approval

Based upon the Court's review of the Memorandum of Law in Support of Plaintiffs'

Motion for Preliminary Approval of Class Action Settlement, Pls. Mem., ECF No. 111, the

Declaration of Antonio Vozzolo, Vozzolo Decl., ECF No. 114, and all other papers submitted in

connection with Plaintiffs' motion for preliminary approval, the Court grants preliminary

approval of the Settlement Agreement.

Preliminary approval is the first step in the settlement process, allowing notice to issue to

the class and establishing a time period for class members to object to or opt out of the

settlement.  *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 1832181, at *1

(S.D.N.Y. Apr. 30, 2013).  Courts have discretion regarding the approval of a proposed class

action settlement.  *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir.

1998).  In exercising this discretion, courts may give weight to the parties' consensual decision

to settle class action cases because they and their counsel are in unique positions to assess

potential risks.  *Yuzary*, 2013 WL 1832181, at *1.

Preliminary approval of a settlement agreement requires only an "initial evaluation" of

the fairness of the proposed settlement on the basis of written submissions and, in some cases, an

informal presentation by the settling parties.  *Id.*  Courts often grant preliminary settlement

approval without requiring a hearing or a court appearance.  *See, e.g.*, *Hernandez v. Merrill*

3

*Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 5862749, at *1 (S.D.N.Y. Nov. 15,

2012); *Palacio v. E\*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1 (S.D.N.Y.

Mar. 12, 2012).  To grant preliminary approval, the court need only find that there is "probable

cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its

fairness."  *In re Traffic Exec. Ass'n,* 627 F.2d 631, 634 (2d Cir.1980).  Accordingly,

> preliminary approval of a proposed settlement is appropriate where it is the result
> of serious, informed, and non-collusive negotiations, where there are no grounds
> to doubt its fairness and no other obvious deficiencies (such as unduly preferential
> treatment of class representatives or of segments of the class, or excessive
> compensation for attorneys), and where the settlement appears to fall within the
> range of possible approval.

*Reade-Alvarez v. Eltman, Eltman, & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y. 2006).

The Court concludes that there is probable cause to submit the Settlement Agreement to

class members and hold a fairness hearing.  *See In re Traffic Exec. Ass'n*, 627 F.2d at 634.  First,

the Settlement Agreement is the result of procedurally fair and non-collusive negotiations.

Counsel engaged in extensive arms' length negotiations, including seven in-person and telephone

conferences before Magistrate Judge Lisa Margaret Smith, and is well-versed in the prosecution

of consumer class actions.  *See* Vozzolo Decl. ¶¶ 13–14, 27.  Judge Smith's assistance reinforces

the conclusion that the Settlement Agreement is non-collusive.  *See Williamson v. Back Forty*

*LLC*, No. 13 Civ. 7716, 2014 WL 12539361, at *2 (S.D.N.Y. June 25, 2014).

The Court also finds that there are no grounds to doubt the fairness of the agreement or

other obvious deficiencies.  Tommie Copper's $700,000 contribution to the Settlement Fund is

reasonable in light of Defendants' documented financial limitations and the costs and risks

associated with proceeding further in the litigation.  *See* Vozzolo Decl. ¶ 10.  Moreover, given

the low value of each individual Plaintiff's claim, the Fund will facilitate compensation to a large

number of class members.  Finally, the maximum recovery of $1,000 for each class representative is not unduly preferential or excessive.  *See* Settlement Agreement § 8.3.  Accordingly, the Settlement Agreement falls within the range of possible approval.  Preliminary approval of the Settlement Agreement is GRANTED.

    III.    Conditional Approval of the Proposed Rule 23 Settlement Class

    "Provisional settlement class certification and appointment of Class Counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing." *Yuzarry*, 2013 WL 1832181, at *2; *see also In re GMC Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790–92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes).  Class certification is appropriate where the proposed class meets all of the requirements of Federal Rule of Civil Procedure 23(a) and constitutes one of the types of classes enumerated in Rule 23(b).  *Stinson v. City of New York*, 282 F.R.D. 360, 367 (S.D.N.Y. 2012).  Here, Plaintiffs meet all of the Rule 23(a) requirements and constitute a Rule 23(b)(3) class.

    Rule 23(a)(1) requires the class to be so numerous that joinder is impracticable.  Fed. R. Civ. P. 23(a)(1).  Numerosity is presumed when a class has more than forty members.  *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).  Plaintiffs satisfy Rule 23(a)(1) because "potentially thousands" of consumers nationwide purchased Tommie Copper Products during the relevant time period.  Pls. Mem. at 24; *see Open Housing Ctr., Inc. v. Samson Mgmt. Corp.*, 152 F.R.D. 472, 475 (S.D.N.Y. 1993) (holding that Plaintiffs' estimated class size of "potentially thousands," though "far from exact," was sufficient to satisfy Rule 23(a)(1) because it was a "reasonable estimate").

Rule 23(a)(2) requires a showing that there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Here, Plaintiffs and class members share common questions of law and fact, including whether Defendants' representations about the pain-relieving benefits of the Tommie Copper Products were false or misleading and whether those representations violated various state consumer protection laws. *See In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 405 (S.D.N.Y. 2015) ("A common question . . . is whether the 50% thicker claim is false and/or misleading. The answer to this question is common to all class members, and is apt to drive the resolution of this litigation."); *In re Sinus Buster Prods. Consumer Litig.*, No. 12 Civ. 2429, 2014 WL 5819921, at *4 (E.D.N.Y. Nov. 10, 2014) ("Plaintiffs allege numerous common questions, including, among others, . . . whether the Defendants advertised or marketed the Sinus Buster Products in a way that was false or misleading."). Accordingly, Plaintiffs satisfy Rule 23(a)(2).

Rule 23(a)(3) requires the claims or defenses of the representative parties to be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Plaintiffs satisfy Rule 23(a)(3) because the claims of Plaintiffs and class members all arise out of the same alleged misrepresentations made by Defendants. *See In re Scotts EZ Seed Litig.,* 304 F.R.D. at 406; *In re Sinus Buster Prods. Consumer Litig.*, 2014 WL 5819921, at *4.

Rule 23(a)(4) requires a showing that the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This involves an inquiry into whether "(1) Plaintiff[s'] interests are antagonistic to the interests of the other members of the Class; and (2) Plaintiff[s'] counsel are qualified, experienced, and capable of conducting the litigation." *Yang v. Focus Media Holding Ltd.*, No. 11 Civ. 9051, 2014 WL 4401280, at *12 (S.D.N.Y. Sept. 4, 2014). First, there is no evidence that the interests of the named Plaintiffs' and class members are at odds. Second, each of the three law firms representing Plaintiffs has substantial

experience litigating consumer class actions and has "committed its resources to the vigorous

litigation of this case." Vozzolo Decl. ¶ 27 & Exs. 4–6. Accordingly, Plaintiffs satisfy Rule

23(a)(4).

To establish a Rule 23(b)(3) class, there must be questions of law or fact common to class

members that predominate over any questions affecting individual members, and the class action

must be superior to other methods available for adjudicating the controversy. Fed. R. Civ. P.

23(b)(3). Here, the same questions are at the heart of each class member's claim: whether

Defendants misrepresented the pain-relieving effect of the Tommie Copper Products and

whether those misrepresentations violated various state consumer protection laws. *See In re*

*Sinus Buster Prods. Consumer Litig.*, 2014 WL 5819921, at \*5–6. Class adjudication is superior

to individual adjudication because it will conserve judicial resources and is more efficient for

class members, whose individual claims are worth much less than the cost of bringing an

individual lawsuit. *See In re Sinus Buster Prods. Consumer Litig.*, 2014 WL 5819921, at \*6;

*Kelen v. World Fin. Network Nat'l Bank*, No. 12 Civ. 5024, 2014 WL 3893081, at \*7 (S.D.N.Y.

July 28, 2014). Therefore, Plaintiffs satisfy Rule 23(b)(3).

Because Plaintiffs meet the Rule 23(a) and 23(b) requirements, the Court conditionally

certifies the Settlement Class under Rule 23(e) for settlement purposes only. The Court also

designates Plaintiffs as class representatives.

IV.    Appointment of Plaintiffs' Counsel as Class Counsel

Appointment of "Class Counsel" is governed by Federal Rule of Civil Procedure 23(g),

which requires the Court to consider "the work counsel has done in identifying or investigating

potential claims in the action, . . . counsel's experience in handling class actions, other complex

litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable

law, and . . . the resources counsel will commit to representing the class." *Damassia v. Duane*

*Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (alterations in original) (quoting Fed. R. Civ.

P. 23(g)).

The Law Offices of Ronald Marron, APLC, Faruqi & Faruqi, LLP, and Vozzolo LLC

meet all of the requirements of Rule 23(g).  They have done substantial work identifying,

investigating, and settling Plaintiffs' and class members' claims, have years of experience

prosecuting consumer class actions, and are well-versed in consumer class action law.  Vozzolo

Decl. ¶¶ 13–14, 16, 27, Exs. 4–6.  The work that each law firm has performed both in litigating

and settling this case demonstrates their commitment to the class and to representing the class's

interests.  Accordingly, the Court appoints the Law Offices of Ronald Marron, APLC, Faruqi &

Faruqi, LLP, and Vozzolo LLC as Class Counsel.

V.    Class Notice

Under Federal Rule of Civil Procedure 23(c)(2)(B), a class action notice must provide:

> the best notice practicable under the circumstances, including individual notice to
> all members who can be identified through reasonable effort.  The notice must
> concisely and clearly state in plain, easily understood language: the nature of the
> action; the definition of the class certified; the class claims, issues, or defenses;
> that a class member may enter an appearance through counsel if the member so
> desires; that the court will exclude from the class any member who requests
> exclusion, stating when and how members may elect to be excluded; and the
> binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

Here, the parties do not have individual contact information for every person who

purchased Tommie Copper Products.  Accordingly, the parties propose to: (1) send direct notice

to members of the Settlement Class by email, using email addresses reasonably available in

Tommie Copper's computerized records, which, according to Plaintiffs, constitute approximately

8

94% of class members' transactions; (2) publish notice twice in the Journal News, a Westchester County newspaper; (3) publish notices on Tommie Copper's social media websites, including Facebook and Twitter accounts; (4) publish notice on Tommie Copper's website at www.tommiecopper.com; and (5) hang posters containing the court-approved notice language at Tommie Copper's sole retail location in Westchester County, New York, with a link to the Settlement website URL. Vozzolo Decl. ¶¶ 23–25. The Court finds that, together, the proposed methods of notice constitute a reasonable effort to identify and notify each member of the Settlement Class.

Because the parties propose multiple methods of notice, there are three relevant notice documents: the Notice of Proposed Settlement of Class Action Lawsuit (the "Long Form Notice"), the Legal Notice of Proposed Collective Class Action Settlement for publication (the "Publication Notice"), and the Legal Notice of Proposed Class Action Settlement for email distribution (the "Email Notice"), which are attached as Exhibits B–D to the Settlement Agreement. The Publication Notice and Email Notice provide a summary of the information in the Long Form Notice and refer recipients to Tommie Copper's website to review the Long Form Notice and submit a Claim Form. *See* Settlement Agreement Exs. C–D. All three notices contain a summary of the lawsuit, define the settlement class, describe the terms of the settlement, explain the procedure to opt out of the settlement, and explain the binding effect of a class judgment. *Id.* Exs. B–D.

However, three deficiencies must be corrected. First, the Publication Notice and Email Notice fail to state that class members have a right to enter an appearance through counsel, as required by Rule 23(c)(2)(B). The Court orders the parties to amend both notices to include this information.

Second, all three forms of notice require class members who wish to object to the

Settlement Agreement to "file" their objections with the Clerk of Court in addition to mailing

copies to Class Counsel.  The Court orders the parties to strike the language requiring class

members to "file" their objections with the Clerk of Court and replace it with language requiring

class members to "mail" a copy of their objections to the Court at the following address:

> Attn: In re Tommie Copper
> The Honorable Analisa Torres
> United States District Court for the Southern District of New York
> 500 Pearl Street, Room 2210
> New York, NY 10007.

Third, all three forms of notice do not specify a number of deadlines.  The Court orders

the parties to amend the notices to state that class members have until March 17, 2018 to submit

a Claim Form, opt out of the settlement, or object to the settlement.  The Court also orders the

parties to amend the notices to state that the Fairness Hearing will be held on **May 1, 2018**, at

**11:00 a.m.**

With these amendments, the Court approves the notices attached to the Settlement

Agreement as Exhibits B–D and directs their distribution to members of the Settlement Class.

VI.    Class Action Settlement Procedure

The Court hereby sets the following settlement procedure:

1. By **December 29, 2017**, Tommie Copper shall transmit $700,000 into the Settlement Fund by either wire transfer or other appropriate means.  If the Court ultimately does not enter a final order approving the settlement, the entire amount, including any interest earned, will be returned to Defendants, less any administration costs expended up to that point.

2. By **January 18, 2018**, the Claims Administrator shall cause the Email Notice to be emailed to class members whose email addresses are reasonably available in Tommie Copper's computerized records.

3. By **January 18, 2018**, the parties shall publish the Publication Notice in the Journal

News (Westchester Edition), on Tommie Copper's social media websites, including its Facebook and Twitter accounts, and on Tommie Copper's website, and hang posters containing the court-approved notice language at Tommie Copper's retail location in Westchester County, New York.

4. Class members will have until **March 19, 2018** to submit a Claim Form, opt out of the settlement, or object to the settlement pursuant to the procedures outlined in the notices. Any form, request for exclusion, or objection postmarked on or before March 19, 2018 will be considered timely.

5. By **April 16, 2018**, Class Counsel shall move the Court for final approval of the Settlement Agreement and submit a memorandum of law in support of an application for an incentive award for the class representatives, Class Counsels' attorneys' fees and costs, and the Claims Administrator's costs. On or before April 16, 2018, Class Counsel shall also provide the Court with a declaration of due diligence and proof that it effected notice to members of the Settlement Class by email and publication.

6. The Court will hold a final fairness hearing on **May 1, 2018** at **11:00 a.m.** at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, in Courtroom 15D.

7. The Court reserves the right to adjourn the date of the fairness hearing without further notice to the Class Members. Notice of any adjournment can be obtained from Class Counsel: (212) 978-1035

    The Law Offices of Ronald A. Marron
    651 Arroyo Drive
    San Diego, CA 92103
    Tel: (619) 696-9006
    Fax: (619) 564-6665
    Email: ron@consumeradvocates.com
           bill@consumeradvocates.com

    Faruqi & Faruqi, LLP
    685 Third Avenue, 26th Floor
    New York, New York 10017
    Tel: (212) 983-9330
    Fax: (212) 983-9331
    Email: nfaruqi@faruqilaw.com

    Vozzolo LLC
    345 Route 17 South
    Upper Saddle River, NJ 07458
    Tel: (201) 630-8820
    Fax: (201) 604-8400

Email: avozzolo@vozzolo.com

8.  If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment.  If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be **thirty-one** days after the Court enters its Final Order and Judgment.

9.  If rehearing, reconsideration or appellate review is sought, the Effective Date shall be after any and all avenues of rehearing, reconsideration or appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, and the time for seeking such review has expired.

10. The Claims Administrator will disburse the class members' settlement checks, Class Counsel's attorneys' fees and expenses, class representatives' incentive awards, and the Claims Administrator's fees and costs within **thirty** days of the Effective Date.

11. The parties shall abide by all other terms of the Settlement Agreement.

SO ORDERED.

Dated: December 19, 2017
       New York, New York

_____
ANALISA TORRES
United States District Judge

12