UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE TOMMIE COPPER PRODUCTS CONSUMER LITIGATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/2018

15 Civ. 3183 (AT)
15 Civ. 6055 (AT)

**ORDER GRANTING PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u>**

ANALISA TORRES, United States District Judge:

THIS MATTER having come before the Court for consideration of the parties' application for Final Approval of Class Action Settlement, awarding attorneys' fees and reimbursement of expenses, and awarding the payment of incentive awards to the Plaintiffs in accordance with the parties' Stipulation of Settlement made and entered into as of November 22, 2017 (the "Settlement Agreement");[1]

WHEREAS, defendants Tommie Copper Inc., Tommie Copper Holdings, Inc., Thomas Kallish, and Montel Williams (collectively, "Defendants" or "Tommie Copper") and the Plaintiffs reached a Class settlement (the "Settlement");

WHEREAS, the parties submitted the Settlement Agreement together with their motion for preliminary approval of the proposed settlement to the Court on November 22, 2017;

WHEREAS, the Court gave its preliminary approval of the Settlement on December 19, 2017 (the "Preliminary Approval Order") and directed the Parties to provide notice to the Class of the proposed Settlement and the Final Approval Hearing by direct Email notice, publication on two separate occasions in the *Journal News* (Westchester edition), publication on Tommie Copper's retail website (www.tommiecopper.com) and social media websites

---

[1] The terms used in this Order that are defined in the Settlement Agreement shall have the same meaning as set forth in the Settlement Agreement.

(Facebook,/Twitter), along with notice in the form of posters placed in Defendants' sole retail location;

WHEREAS, Classaura LLC ("Classaura"), effectuated notice to the Class in accordance with the Preliminary Approval Order;

WHEREAS, on January 18, 2018, Classaura mailed notice of the proposed class action settlement of this matter to the Attorney General of the United States and the attorney general of each state where Class members reside pursuant to the notice requirements set forth in 28 U.S.C. § 1715;

WHEREAS, Plaintiffs submitted their motion in support for final approval of the Class Action Settlement, awarding attorneys' fees and reimbursement of expenses, and awarding the payment of incentive awards to the Plaintiffs on April 16, 2018;

WHEREAS, on May 1, 2018, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate, whether the Settlement should be granted final approved by this Court; whether Class Counsel's request for attorneys' fees and reimbursement of costs and expenses in the amount of $231,000 should be awarded; whether the Settlement Administrator's fees in the amount of $91,300.00 should be awarded; and whether the request for incentive fee awards to each of the Class Representatives in the amount of $1,000.00 should be approved;

WHEREAS, 78 members of the class sought to opt out of the Settlement;

WHEREAS, two (2) objections were filed with respect to the proposed Settlement;

THEREFORE, after reviewing the pleadings and evidence filed in support of final approval of the Settlement, as well as Plaintiffs' requested award for attorney's fees, costs and expenses, the Settlement Administrator's fees, and incentive awards and supporting

2

documentation, hearing the attorneys for the Parties, and for the reasons stated by the Court on the record,

IT IS ON THIS 3rd day of May, 2018, ORDERED and, ADJUDGED that the Settlement Agreement is hereby APPROVED. The Court finds and orders as follows:

1. The Court finds, upon review of the Settlement that the Settlement is fair, reasonable, and adequate.

2. The Settlement is in the best interests of all Class members and Defendants.

3. This Final Approval Order incorporates and makes part hereof the Settlement Agreement and all terms therein.

4. The Court has personal jurisdiction over the parties and all Class members, and the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d); 28 U.S.C. § 1331; and 28 U.S.C. § 1367.

5. Based upon the record before the Court, including all submissions in support of the Settlement, as well as the Settlement Agreement itself, the Court hereby certifies the following nationwide class (the "Class") for settlement purposes only:

> All persons in the United States, its territories, or at any United States military facility or exchange who purchased Tommie Copper Products directly from Defendants through the internet, telephone or at the Tommie Copper retail location in Westchester, New York on or after April 11, 2011 through December 19, 2017 Excluded from Class are: (a) Tommie Copper employees, officers and directors, (b) persons or entities who purchased the Settlement Class Products for the purpose of re-sale, (c) retailers or re-sellers of the Settlement Class Products, (d) governmental entities, (e) persons who timely and properly exclude themselves from the Class as provided herein, (f) any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning any of the Settlement Class Products, and (g) the Court, the Court's immediate family, and Court staff.

3

In so holding, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied for certification of the Class for settlement purposes because: Class members are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Class members they represent; the Class Representatives have fairly and adequately protected the interests of the Class with regard to the claims of the Class they represent; common questions of law and fact predominate over questions affecting only individual Class members, rendering the Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.

6. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Order.

7. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement, and thus, hereby appoints the Law Office of Ronald A. Marron, Faruqi & Faruqi, LLP and Vozzolo LLC, as Co-Class Counsel to represent Settlement Class Members.

8. Having considered the factors set forth in Federal Rule of Civil Procedure 23(e), and for the reasons stated on the record, the Court finds the Settlement Agreement and the proposed Settlement are fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process Clause), and any other applicable law.

9.   The Settlement Agreement and the proposed Settlement were entered into by experienced counsel and only after extensive, arms-length negotiations conducted in good faith and with the assistance of the Honorable Lisa Margaret Smith.  Additionally, the Court find the Settlement substantively fair under the factors set forth in *City of Detroit v. Grinnell Corp*., 495 F.2d 448, 463 (2d Cir. 1974).

10.   The Court finds that neither of the two objections filed present arguments that bear on whether the Settlement is unfair, inadequate, or unreasonable.

11.   The forms and methods of notice described above and in the December 19, 2017 Preliminary Approval Order satisfy the requirements of the Federal Rules of Civil Procedure met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court further finds that Notice in the form approved by the Court was provided and that it constituted the best practicable notice under the circumstances.  The Court further finds that the forms of notice were concise, clear, and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Class members of the pendency of the Action, the claims, issues, and defenses of the Class, the definition of the Class certified, their right to be excluded from the Class, their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of the Settlement, if approved, on Class members.

12.   The terms of the Settlement Agreement and the Final Approval Order are binding on the Plaintiffs and all other Class members, as well as their heirs, executors and administrators, successors and assigns.

13.   Persons who filed timely, completed Opt-Outs are not bound by this Order or the

terms of the Stipulation and may pursue their own individual remedies against Defendant. However, such Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Settlement Agreement.

14. As set forth in the Settlement Agreement and by operation of law, and incorporated by reference hereto, the terms of the Settlement Agreement and the Final Approval Order shall have *res judicata*, collateral estoppel, and all other preclusive effect, in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of actions, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which were or could have been asserted in the Action or any other claims under state or federal law, which arise from, are based on the allegations in the complaints filed in this Action.

15. The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.  To ensure the fairness of the settlement across all settlement class members, the Court hereby modifies the Settlement Agreement by limiting the number of Products Settlement Class Members may seek reimbursement for to five (5) Products.

16. All claims against defendants Tommie Copper Inc., Tommie Copper Holdings, Inc., Thomas Kallish, and Montel Williams in this Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

17. The Release set forth in the Settlement Agreement is incorporated by reference and made part of the Final Approval Order.  Therefore, in consideration of the cash and non-cash

6

benefits, and the mutual promises contained in the Settlement Agreement, the Releasing Parties hereby release the Released Parties and Released Persons from the Released Claims.

18. The Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees, including reimbursement of costs and expenses, in the total amount of $231,000.00. The payment shall be made pursuant to and in the manner provided by § VIII of the Settlement Agreement.

19. The Court hereby grants Class Counsel's request for third party settlement administrators' costs and expenses, in the total amount of $91,300.

20. The Court approves the agreement to pay incentive awards to the Class Representatives in the amount of $1,000 each.

21. Nothing in this Final Approval Order, the Class Settlement, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Tommie Copper.

22. No Class member, either directly, representatively, or in any other capacity shall commence, continue, or prosecute any action or proceeding against any Released Person or Released Party in any court or tribunal asserting any of the Released Claims, as defined in the Settlement Agreement, and all Class members are hereby permanently enjoined from so proceeding.

23. Without affecting the finality of the Final Approval Order, the Court shall retain continuing jurisdiction over the Action, the Parties and the Class, and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to this Court, provided, however, that

nothing in this paragraph shall limit the scope of the injunction set forth in the Settlement Agreement or restrict the Parties from exercising any of their rights thereunder.

24.     There being no just reason to delay, the Clerk is directed to enter this Final Approval Order forthwith.

SO ORDERED.

Dated: May 4, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge